69 F.3d 547
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 David Paul BECK, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 94-7151.
 United States Court of Appeals, Tenth Circuit.
 July 6, 1995.
 
 Before SEYMOUR, Chief Judge, McKAY and HENRY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 The parties have agreed that this case may be submitted for decision on the briefs. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1.2. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 The petitioner, Mr. Beck, pled guilty to a drug offense and was sentenced to twenty-one months in prison. Under the rubric of a petition for habeas corpus under 28 U.S.C. 2255, Mr. Beck seeks to have his sentence vacated and remanded for resentencing so that he may renew an objection to the presentence report (PSR) that was previously withdrawn by his counsel at his direction. This objection related to the inclusion of twenty-eight pounds of marijuana in his offense-level determination, although he was not charged with possessing or distributing marijuana.
 
 
 3
 Mr. Beck, who has since retained new counsel, now claims he withdrew the objection on the erroneous and misleading advice of his former counsel and that this advice was so far below the constitutionally required level of competence as to constitute ineffective assistance of counsel.
 
 
 4
 In contrast, his former counsel denies giving improper advice and claims that the objection was withdrawn after a reasoned discussion of the consequences of such an action. He also suggests a possible strategic reason for withdrawing the objection--an effort to obtain leniency from the sentencing judge. He suggests that by attempting to deny his involvement with the marijuana, Mr. Beck might have undercut his other objection to the PSR (Mr. Beck sought a reduction for acceptance of responsibility) and incurred the wrath of the sentencing judge, a judge with a reputation for toughness against drug offenders.
 
 
 5
 The district court found counsel's version of the facts surrounding the withdrawal to be more credible than Mr. Beck's. In light of the sentence received, we cannot say that this finding was clearly erroneous. Indeed, the record reflects that this strategy worked, as the sentencing judge sustained Mr. Beck's other objection to the PSR (granting a two-level reduction for acceptance of responsibility) and sentenced him at the bottom of the permissible guideline range.
 
 
 6
 The order of the district court denying petitioner's request for relief is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470